IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No.: _____

BRANDON BEATY,

*Plaintiff*,

v.

TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA

*Defendant*.

**COMPLAINT**
**(Jury Trial Demanded)**

NOW COMES Plaintiff BRANDON BEATY ("Mr. Beaty" or "Plaintiff"), by and through undersigned counsel, complaining of Defendant TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA ("TIAA" or "Defendant"), as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a citizen and resident of Gastonia, Gaston County, North Carolina.

2. Upon information and belief, TIAA is a life insurance company organized and existing under the laws of the State of New York and is duly authorized to do business in North Carolina.

3. Jurisdiction is proper in the United States District Court pursuant to 28 U.SC. § 1332.

4. The United States District Court for the Western District of North Carolina is the proper venue to adjudicate this action.

**FACTS**

5. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

6. Plaintiff is a devout and practicing Christian.

7. As a part of Plaintiff's faith, he regularly attends Christian church services with his family.

8. Plaintiff is an ordained Christian minister.

9. In or around March 2004, Plaintiff was hired by TIAA as a "Beneficiary Representative".

10. Plaintiff was promoted to "Business Analyst" on or about September 2014.

11. While Plaintiff was employed in various capacities by Defendant, he performed his job duties and responsibilities at or above expectations.

12. In 2020, TIAA instructed its subsidiaries, and employees, including Plaintiff, to perform its employment duties and responsibilities from home.

13. From 2020 to 2022, Plaintiff performed his employment duties and responsibilities from home.

14. On or about November 15, 2021, TIAA announced that it would require all its U.S. employees, and any employees of its subsidiaries, to be fully vaccinated against COVID-19 by March 1, 2022, as a condition of continued employment (the "Vaccine Policy").

15. In short, the Vaccine Policy provided that an employee would be subject to termination if he or she is not fully vaccinated against COVID-19 by March 1, 2022.

16. On or about December 2021, Plaintiff submitted a religious accommodation request (the "Religious Accommodation Request") outlining the fact that his sincerely held religious beliefs as a Christian conflict with the Vaccine Policy.

17. TIAA denied the Religious Accommodation Request on or about January 13, 2022.

18. On January 18, 2022, TIAA, through Plaintiff's supervisor, told Plaintiff that he must comply with the Vaccine Policy as a condition of continued employment.

19. Upon information and belief, other similarly situated Christian employees whose religious accommodation requests were denied received an opportunity to appeal the same.

20. Upon information and belief, other similarly situated employees of varying religious backgrounds whose religious accommodation requests were denied received an opportunity to appeal the same.

21. Plaintiff was not provided an opportunity to appeal TIAA's denial of the Religious Accommodation Request.

22. Despite Plaintiff's refusal to comply with the Vaccine Policy, Plaintiff continued working for Defendants adequately performing all his duties and responsibilities.

23. On or about April 28, 2022, TIAA terminated Plaintiff's employment exclusively for his failure to comply with the Vaccine Policy.

24. On or about June 2022, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

25. On or about August 28, 2023, the EEOC issued Plaintiff a Notice of Right to Sue Letter.

26. At the time of the filing of this Complaint, TIAA has withdrawn the Vaccine Policy effective January 1, 2023, a tacit recognition of the validity of Plaintiff's objections and requests for exemption from the Vaccine Policy, which appears to have been used as a pretext for the termination of objecting employees.

## FIRST CAUSE OF ACTION
### (Violation of 1964 Civil Rights Act *et seq.* – Wrongful Termination)

27. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

28. Plaintiff, as a Christian, is a member of a protected class.

29. Plaintiff, as a Christian, has sincerely held religious beliefs.

30. Plaintiff suffered adverse employment action at the hands of Defendant.

31. At the time of the adverse employment action Plaintiff was performing his job duties at a level that met Defendant's legitimate expectations.

32. Upon information and belief, Plaintiff's position remains open or was otherwise filled by similarly qualified applicants outside of the protected class.

33. Defendant refused to accommodate Plaintiff's religious practice.

34. Plaintiff's Religious Accommodation Request would not impose an *undue hardship* on TIAA's business.[1]

35. As a direct and/or proximate result of Defendant's actions, Plaintiff has been damaged in an amount exceeding $75,000.00.

36. Defendant's actions, as described herein and above, violate the 1964 Civil Rights Act *et seq.*

## SECOND CAUSE OF ACTION
### (Violation of 1964 Civil Rights Act *et seq.* – Retaliation)

37. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

38. United States public policy prohibits discrimination in employment based on religious beliefs.

---

[1] See *Groff v. Dejoy*, 600 U.S. 447 (2023).

39. North Carolina public policy prohibits discrimination in employment based on religious beliefs.

40. Plaintiff participated in protected opposition activity by voicing his own opinions to Defendant, by and through their employees, to bring attention to Defendant's discriminatory activities.

41. Plaintiff reasonably believed that the Vaccine Policy constituted a Title VII violation.

42. Plaintiff's Religious Accommodation Request was and remains reasonable.

43. Plaintiff's opposition to the Vaccine Policy was and remains reasonable.

44. Defendant took adverse employment action against Plaintiff by terminating Plaintiff's employment.

45. As a direct and/or proximate result of Defendant's actions, Plaintiff has suffered damages in an amount exceeding $75,000.00.

46. Defendant's actions, as described herein and above, are violations of the 1964 Civil Rights Act *et seq*.

## THIRD CAUSE OF ACTION
### (Wrongful Termination)

47. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

48. Plaintiff, by adhering to his religious beliefs that prohibit him from complying with the Vaccine Policy, participated in conduct protected by law.

49. Plaintiff, by adhering to his religious beliefs that prohibit him from complying with the Vaccine Policy, refused to participate in conduct that would violate North Carolina public policy.

50. Plaintiff's participation in conduct protected by law was a substantial factor in Defendant's decision to terminate Plaintiff's employment.

51. Plaintiff's refusal to participate in conduct that would violate North Carolina public policy was a substantial factor in Defendant's decision to terminate Plaintiff's employment.

52. As a direct and/or proximate result of Defendant's actions, Plaintiff has suffered damages in an amount exceeding $75,000.00.

WHEREFORE, Plaintiff prays unto the Court for the following relief:

1. For entry of a money judgment in favor of Plaintiff and against Defendant, in an amount to be determined at trial but believed to be in excess of $75,000.00;

2. For an award of pre-judgment interest at the maximum rate allowed by law;

3. For an award of Plaintiff's reasonable attorneys fees to the maximum extent allowed by North Carolina and/or federal law;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief that the Court may deem just and proper.

THIS the 9th day of November, 2023.

**TLG Law**

/s/ David G. Redding
David G. Redding
2907 Providence Road, Suite 303
Charlotte, North Carolina 28211
T: (704) 900-2215
dredding@tlg-law.com
*Attorney for Plaintiff*